OPINION
{¶ 1} This is an appeal by appellant, Gehad and Mandi, Inc. ("appellant"), from a judgment of the Franklin County Court of Common Pleas affirming an order of the Ohio State Liquor Control Commission ("appellee"), revoking appellant's class C-1-2 liquor permit for premises at 4661 King's Run Dr., Cincinnati, Ohio 45232, d/b/a Kevin's Market for three separate violations. The decision of the trial court noted that "appellant does not dispute that it committed all three violations."
 {¶ 2} Appellant raises no issue on appeal to this court with respect to that finding of the trial court, rather, appellant raises a single assignment of error for review:
THE FRANKLIN COUNTY COMMON PLEAS COURT ERRED WHEN IT AFFIRMED THE ORDER OF THE LIQUOR CONTROL COMMISSION AND FOUND THAT THE ORDER WAS IN ACCORDANCE WITH LAW BECAUSE THE ORDER OF THE LIQUOR CONTROL COMMISSION VIOLATES THE UNITED STATES AND OHIO CONSTITUTIONS.
 {¶ 3} Appellant then raised a single "issue presented for review" as follows:
THE PENALTY OF A REVOCATION IS AN EXCESSIVE PENALTY FOR THE ALLEGED VIOLATION.
 {¶ 4} The trial court affirmed the order of the appellee because it found the court had no authority to modify the penalty under Henry's Café, Inc. v. Bd. of Liquor Control (1959),170 Ohio St. 233, 10 O.O.2d 177, 163 N.E.2d 678, paragraph two and three of the syllabus, of which reads as follows:
2. An appeal from an order of an agency (as defined in Section119.01, Revised Code) to the Court of Common Pleas, the power of the court to modify such order is limited to the grounds set forth in section 119.12, Revised Code, i.e. the absence of a finding that the order is supported by reliable, probative, and substantial evidence.
3. On such appeal, the Court of Common Pleas has no authority to modify a penalty that the agency was authorized to and did impose, on the ground that the agency abused its discretion.
 {¶ 5} With regard to "abuse of discretion," appellant states "the Commission has abused [its] discretion * * * and has therefore issued an order which violates appellant's constitutional rights." (Appellant's Brief, at 4.) Appellant then argues that "an order is an abuse of discretion [if] * * * the order violates the constitutional rights of the permit holder." Id.
 {¶ 6} The constitutional provisions relied upon by appellant, are Section 9, Article I, Ohio Constitution, and theEighth Amendment to the United States Constitution, both of which provide that "excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment imposed." Both of these constitutional provisions of the Ohio and Federal constitutions relate to criminal proceedings not civil proceedings. As R.C. 119.12 makes clear, the license revocation proceeding herein involved is a civil proceeding not a criminal proceeding. See R.C. 119.12, providing that the common pleas court shall give preference to R.C. 119.12 appeals "over all other civil appeals," and shall proceed "as in the trial of civil cases," and that appeals to the court of appeals "shall proceed as in the case of appeals in civil actions." Nevertheless, it would constitute an abuse of discretion for an administrative agency to impose a penalty which constitutes an excessive fine or a cruel unusual punishment which would be within the contemplation of the constitutional prohibition if criminal proceedings were involved. However, Henry's Café, Inc., supra, precludes review by this court of a penalty imposed under R.C.119.12 even if it be an abuse of discretion.
 {¶ 7} What appellant is attempting to accomplish is to have this court overrule, or at least modify, paragraphs two and three of the syllabus of Henry's Café, Inc., which this court cannot do. This court as an intermediate appellate court, is bound by, and must follow and apply, the decisions of the Ohio Supreme Court. This court has no authority to modify, and much less to overrule, any decision of the Ohio Supreme Court. We do note that at the time Henry's Café, Inc. was determined, the syllabus of an Ohio Supreme Court opinion constituted "the law of the case." This court is required to follow and apply Ohio Supreme Court decisions, as to the law, even if the appellate judges disagree with the Ohio Supreme Court's determination. On the other hand, we recognize that a litigant, in order to preserve an issue for review by the Ohio Supreme Court (if it allows review) must first present the issue to this court even though the result sought by the appellant is contrary to a prior Ohio Supreme Court decision. An Ohio court of appeals has no power to transfer a case to the Ohio Supreme Court for determination of whether the Ohio Supreme Court finds that the issues should be revisited. Under Ohio procedure (except in capital cases) almost all appeals from trial courts must first be presented to this court for review and determination before the appellant can seek review by the Ohio Supreme Court.
 {¶ 8} Although appellant does raise the purported constitutional issue by the assignment of error, the real issue is as stated by appellant as the "issue presented for review" namely "[t]he penalty of a revocation is an excessive penalty for the alleged violation," apparently because these three violations were the first violations by appellant, and because appellant's owner "cooperated with the police and even offered to or did testify against the other defendants," (appellant's employer) in the prior criminal proceeding. The owner was convicted of criminal charges and "the resulting criminal penalty was probation." (Appellant's Brief, at 5.)
 {¶ 9} Under the circumstances, the trial court correctly found that it was precluded by Henry's Café, Inc. from making any modification of the penalty imposed. The trial court, furthermore, did expressly find "the commission's February 8, 2005 Order revoking appellant's liquor permits," to be supported by reliable, probative, and substantial evidence and are in accordance with law. We find no abuse of discretion on the part of the trial court. Appellant's single assignment of error is not well-taken.
 {¶ 10} Accordingly, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas affirming the order of the Board of Liquor Control is affirmed.
Judgment affirmed.
Petree and Travis, JJ., concur.
Whiteside, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), ArticleIV, Ohio Constitution.