JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Richard Jenkins, appeals from judgments of conviction entered upon his no contest pleas to charges of theft and passing bad checks. The dispositive assignment of error is that Jenkins' no contest pleas were invalid because the court failed to advise him of the terms and conditions of postrelease control prior to accepting those pleas.
 {¶ 2} In State v. Sarkozy, 117 Ohio St.3d 86, 2008-Ohio-509, the syllabus states:
 {¶ 3} "1. If a trial court fails during a plea colloquy to advise a defendant that the sentence will include a mandatory term of postrelease control, the defendant may dispute the knowing, intelligent, and voluntary nature of the plea either by filing a motion to withdraw the plea or upon direct appeal.
 {¶ 4} "2. If the trial court fails during the plea colloquy to advise a defendant that the sentence will include a mandatory term of postrelease control, the court fails to comply with Crim. R. 11, and the reviewing court must vacate the plea and remand the cause."
 {¶ 5} The state concedes that the court "clearly violated" its duty to advise Jenkins of postrelease control and our independent review of the plea colloquy confirms this omission. The state nonetheless argues that Jenkins waived the right to raise this issue on appeal by failing to file a motion to withdraw his guilty plea. This argument is without merit because the first paragraph of the syllabus to Sarkozy clearly states that "the defendant may dispute the knowing, *Page 4 
intelligent, and voluntary nature of the plea either by filing a motion to withdraw the plea or upon direct appeal." (Emphasis added.) This is a direct appeal by Jenkins, so the issue is properly raised.
 {¶ 6} In this same vein, the state urges us to follow Justice Lanzinger's dissenting opinion in Sarkozy. Justices Lanzinger and Cupp would have remanded the matter back to the trial court for a determination of whether Sarkozy met his burden of showing that he was prejudiced by the court's failure to notify him of postrelease control at the time he entered his plea. Id. at ¶ 29. We decline the state's request to follow a dissenting opinion. As stated by the Tenth District Court of Appeals in Gehad Mandi, Inc. v. Ohio State Liquor ControlComm'n., Franklin App. No. 05AP-1181, 2006-Ohio-3081, ¶ 7:
 {¶ 7} "This court as an intermediate appellate court, is bound by, and must follow and apply, the decisions of the Ohio Supreme Court. This court has no authority to modify, and much less to overrule, any decision of the Ohio Supreme Court."
 {¶ 8} We therefore find that the court's failure to advise Jenkins prior to accepting his no contest plea that his sentence would include a mandatory term of postrelease control constitutes reversible error. We sustain Jenkins' first assignment of error. The remaining assignments of error are moot. See App. R. 12(A)(1)(c). *Page 5 
This cause is reversed and remanded for proceedings consistent with this opinion.
It is, therefore, ordered that said appellant recover of said appellee his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 MARY J. BOYLE, J., and FRANK D. CELEBREZZE, JR., J., CONCUR *Page 1