[Cite as *State v. March*, 2016-Ohio-3288.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2015-08-070 |
| | : | O P I N I O N |
| - vs - | | 6/6/2016 |
| | : | |
| THOMAS MARCH, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM MASON MUNICIPAL COURT
Case No. 15 CRB 00770


Bethany S. Bennett, Mason City Prosecutor, 5950 Mason Montgomery Road, Mason, Ohio 45040, for plaintiff-appellee

Maxwell D. Kinman, 423 Reading Road, Mason, Ohio 45040, for defendant-appellant


**RINGLAND, J.**

{¶ 1} Defendant-appellant, Thomas March, appeals a decision of the Mason Municipal Court overruling his motion to dismiss on speedy trial grounds after he was convicted of public indecency. We affirm.

{¶ 2} The parties filed an Agreed Statement of the Case prior to this appeal, therefore the relevant facts are not in dispute. March was arrested on June 12, 2015 and charged with public indecency in violation of R.C. 2907.09. The charge was levied as a fifth-

degree felony due to the fact that March had a number of prior convictions involving the same offense.  Following a preliminary hearing, the case was bound over to the grand jury.

{¶ 3}  On July 13, 2015, the grand jury returned an indictment charging March with two counts of public indecency in violation of R.C. 2907.09(B)(1).  One count represented a fifth-degree felony, while the other count represented a second-degree misdemeanor.  Both charges were premised upon the same set of factual allegations.  Later that day, the prosecution requested a nolle prosequi on the felony count.  The case was transferred back to the municipal court to proceed on the misdemeanor charge alone.

{¶ 4}  Incarcerated in county jail since the date of his arrest, March was released on his own recognizance on July 20, 2015.  He subsequently filed a motion to dismiss the misdemeanor charge on speedy trial grounds.  In an entry dated July 23, 2015, the municipal court denied the motion.  That same day, March entered a no contest plea to the misdemeanor charge.  The trial court accepted the plea and imposed sentence.  March timely appealed, raising one assignment of error.

{¶ 5}  Assignment of Error No. 1:

{¶ 6}  THE TRIAL COURT ERRED BY FAILING TO DISMISS THE CASE BASED UPON THE VIOLATION OF THE APPELLANT'S RIGHT TO A SPEEDY TRIAL.

{¶ 7}  March argues that the misdemeanor charge against him should have been dismissed because the state violated his right to a speedy trial.

{¶ 8}  Appellate review of speedy-trial issues involves a mixed question of law and fact. *State v. Redelman*, 12th Dist. Clinton No. CA2012-04-010, 242, 2013-Ohio-657, ¶ 19. Typically, a reviewing court affords due deference to the trial court's findings of fact if supported by competent, credible evidence. *Id.* As stated, the facts of this case are not in dispute. Accordingly, we shall focus on whether the municipal court correctly applied the law to the facts. *Id.*

{¶ 9} Both the Ohio and United States Constitutions guarantee a criminal defendant the right to a speedy trial. Article I, Section 10, Ohio Constitution; Sixth Amendment to the U.S. Constitution. *See also State v. Baker*, 78 Ohio St.3d 108, 110, 1997-Ohio-229. This fundamental right was codified by the Ohio General Assembly at R.C. 2945.71 et seq. The deadlines imposed by the speedy trial statutes are mandatory and must be strictly enforced. *State v. Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, ¶ 81.

{¶ 10} A court reviewing a speedy trial issue must calculate the number of days attributable to either party and determine whether the defendant was brought to trial within the statutorily prescribed time limits. *State v. Riley*, 162 Ohio App.3d 730, 2005-Ohio-4337, ¶ 19 (12th Dist.). Generally, a person charged with a felony must be brought to trial within 270 days after the date of arrest. R.C. 2945.71(C)(2). One charged with a second-degree misdemeanor must be tried within 90 days after the date of arrest. R.C. 2945.71(B)(2). The date of arrest itself is not included in the computation. *State v. Messer*, 12th Dist. Clermont No. CA2006-10-084, 2007-Ohio-5899, ¶ 12.

{¶ 11} When an accused is held in jail on the pending charge in lieu of bail, each day is counted as three days. R.C. 2945.71(E). Thus, subject to certain tolling events, a person jailed on a felony charge must be tried within 90 days. Similarly, one jailed on a second-degree misdemeanor charge must be tried within 30 days.

{¶ 12} The procedural posture in the case at bar involves a unique application of the speedy trial rules. As stated, March was initially charged with felony public indecency and jailed upon his June 12 arrest. Just over one month later, the grand jury returned a two-count indictment reflecting the felony charge and adding a misdemeanor public indecency charge. Both were based upon the same set of factual allegations. After the felony count was nolled, March pled no contest to the misdemeanor offense.

{¶ 13} Typically, where multiple charges arising out of the same course of conduct are

levied against an accused, the speedy trial period for the highest degree of offense charged controls. R.C. 2945.71(D). But when the accused is initially charged with felony and misdemeanor level offenses and the felony charge is later dismissed, which speedy trial time period should be applied?

{¶ 14} March submits that he should have been brought to trial within 30 days because the case eventually proceeded solely on the misdemeanor charge. Though his appellate brief does not contain mathematical calculations, we presume he arrived at this 30-day figure by applying the triple-count provision in R.C. 2945.71(E) to the requisite 90-day period for those charged with a second-degree misdemeanor. *See* R.C. 2945.71(B)(2).

{¶ 15} March's July 23 plea was entered 41 days after his arrest. Omitting the two days during which the municipal court considered March's motion to dismiss, the total time period between his arrest and disposition was 39 days. *See* R.C. 2945.71(E); *State v. Bickerstaff*, 10 Ohio St.3d 62, 67 (1984) (the filing of a motion to dismiss acts as a tolling event for speedy trial purposes). If March's proffered application of the law is correct, this exceeded the 30-day speedy trial deadline for a defendant incarcerated on a second-degree misdemeanor charge. However, we decline to adopt March's approach.

{¶ 16} In *State v. Fields*, 12th Dist. Clermont No. CA99-07-077, 2000 WL 342134 (Apr. 3, 2000), this court entertained an appeal involving a defendant indicted on a felony charge of driving under the influence of alcohol or drugs (DUI). *Id.* at * 1. The state reduced the charge to misdemeanor DUI after discovering that one of the three prior offenses which underlay the felony DUI charge was not properly journalized. *Id.* Fields moved to dismiss on speedy trial grounds, arguing that he was not tried within the requisite statutory period for misdemeanor offenses. *Id.* The trial court denied the motion. *Id.*

{¶ 17} On appeal, this court considered the speedy trial implications of reducing a felony to a misdemeanor. *Id.* at * 5-6. We expressed our reluctance at placing an unduly

severe burden on the state to proceed against all suspects whose conduct may constitute either a felony or a misdemeanor as if they should be tried for the misdemeanor. *Id.* at * 6. We further noted that the state pursued the initial felony charge against Fields in good faith, and reduced the charge to a misdemeanor after discovering one of the prior DUI convictions was defective. *Id.*

{¶ 18} Ultimately, this court upheld Fields' DUI conviction. *Id.* We reasoned that a defendant's speedy trial rights are served if he is brought to trial within 270 days of the initial felony arrest and within 90 days of the reduced charge, whichever is earlier. *Id. See also State v. Cattee*, 14 Ohio App.3d 239, 242-243 (4th Dist.1983). Applying the holding to the procedural posture of the case, we determined that Fields was tried well within 270 days of his initial arrest, and within 90 days of the reduction in charges. *Fields* at * 6.

{¶ 19} These principles apply with equal force to the present matter. When March was arrested on the initial felony charge and incarcerated in lieu of bail, the deadline for bringing him to trial was 90 days after his arrest, or September 10, 2015. R.C. 2945.71(C)(2) and (E). Once the prosecution nolled the felony count and proceeded on the misdemeanor, the state was required to bring March to trial within 30 days of the amendment to the indictment, or August 12, 2015. R.C. 2945.71(B)(2) and (E). In accordance with *Fields*, the August deadline controlled as the earlier of the two. *Fields* at *6. March entered his no contest plea and was convicted on July 23, 2015. Because this preceded the August deadline, March's speedy trial rights were not violated.

{¶ 20} In sum, where a criminal defendant is initially charged with felony and misdemeanor level offenses and the felony charge is later dismissed, the defendant's speedy trial rights are served if he is tried within 270 days of the initial felony arrest and within the applicable misdemeanor time period following the reduction in charges. Here, March was tried well within these timeframes.

{¶ 21} In view of our conclusion that March was not entitled to a dismissal of the misdemeanor charge on speedy trial grounds, his sole assignment of error is overruled.

{¶ 22} Judgment affirmed.

M. POWELL, P.J., and S. POWELL, J., concur.