[Cite as *Cleveland v. Gross*, 2022-Ohio-193.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| CITY OF CLEVELAND, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 110669 |
| v. | : | |
| VELINA GROSS, | : | |
| Defendant-Appellee. | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** January 27, 2022

Criminal Appeal from the Cleveland Municipal Court
Case No. 2021 CRB 004505

### *Appearances:*

Barbara A. Langhenry, Cleveland Director of Law, Aqueelah Jordan, Cleveland Chief Prosecutor, and Michael J. Ferrari, Assistant Prosecuting Attorney, *for appellant.*

Friedman & Gilbert and Mary Catherine Corrigan, *for appellee.*

SEAN C. GALLAGHER, A.J.:

**{¶ 1}** This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.App.R. 11.1. Appellant city of Cleveland appeals the trial court's judgment granting appellee Velina Gross's motion to dismiss the case for a

speedy-trial violation. Upon review, we reverse and remand the case to the trial court.

**Background**

{¶ 2} On January 23, 2021, following an alleged child-abuse incident involving Gross and her minor child, Gross was arrested and taken to Cuyahoga County Jail. An information charged Gross with felony endangering children, and the case was bound over to the common pleas court. On January 26, 2021, Gross was released from jail upon posting bond.

{¶ 3} On February 26, 2021, in Cuyahoga C.P. No. CR-21-656287, the court granted the state's motion to terminate charges, purportedly because the evidence indicated the offense was a misdemeanor, and the charge pending in the Cuyahoga County Court of Common Pleas was dismissed.

{¶ 4} On May 6, 2021, a complaint was filed in Cleveland M.C. No. 2021 CRB 004505 charging Gross with endangering children, a misdemeanor of the first degree, in violation of Cleveland Codified Ordinances 609.04. Initial attempts to serve the summons were not successful. On May 20, 2021, Gross first appeared and entered a plea of not guilty to the charge of endangering children. On June 2, 2021, a continuance was granted upon Gross's request to file a motion to dismiss on speedy-trial grounds, which was thereafter filed. The case was continued to June 30, 2021, when the trial court heard and granted the motion to dismiss.

{¶ 5} The city timely filed this appeal.

**Law and Analysis**

{¶ 6} The city raises two assignments of error for our review. The city claims the trial court abused its discretion (1) by granting appellant's motion to dismiss based on R.C. 2945.71(B)(2), and (2) by dismissing the case because Gross's statutory right to a speedy trial had not been violated pursuant to R.C. 2945.71(B)(2) or 2945.71(C)(2).

{¶ 7} Ohio's speedy trial statutes were implemented "to incorporate the constitutional protection of the right to a speedy trial provided for in the Sixth Amendment to the United States Constitution and in Section 10, Article I, of the Ohio Constitution." *Brecksville v. Cook*, 75 Ohio St.3d 53, 55, 661 N.E.2d 706 (1996), citing *State v. Broughton*, 62 Ohio St.3d 253, 256, 581 N.E.2d 541 (1991). "'The speedy trial guarantee is designed to minimize the possibility of lengthy incarceration prior to trial, to reduce the lesser, but nevertheless substantial, impairment of liberty imposed on an accused while released on bail, and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges.'" *State v. Triplett*, 78 Ohio St.3d 566, 568, 679 N.E.2d 290 (1997), quoting *United States v. MacDonald*, 456 U.S. 1, 8, 102 S.Ct. 1497, 71 L.Ed.2d 696 (1982). Ohio courts must strictly construe the speedy-trial statutes. *Cook* at 57. However, the prescribed times for trial set forth in R.C. 2945.71 are not absolute in all circumstances, and under R.C. 2945.72, discretionary authority is granted to extend the trial date for certain specified reasons. *See Cook* at 55-56, citing *State v. Wentworth*, 54 Ohio St.2d 171, 173, 375 N.E.2d 424 (1978); R.C. 2945.72. "Although

the right of the defendant to a speedy trial is one of constitutional proportions, there is an important countervailing interest that must be given weight in the balance of competing interests. It is the right of the people to require criminal defendants to stand trial for their alleged offenses." *Cook* at 59.

{¶ 8} R.C. 2945.71(B)(2), with limited exception, requires "a person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial * * * [w]ithin ninety days after the person's arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree * * *." R.C. 2945.71(C)(2) requires "[a] person against whom a charge of felony is pending * * * [s]hall be brought to trial within two hundred seventy days after the person's arrest." "For purposes of calculating speedy-trial time pursuant to R.C. 2945.71(C), a charge is not pending until the accused has been formally charged by a criminal complaint or indictment, *is held pending the filing of charges, or is released on bail or recognizance.*" (Emphasis added.) *State v. Azbell*, 112 Ohio St.3d 300, 2006-Ohio-6552, 859 N.E.2d 532, syllabus.

{¶ 9} R.C. 2945.72 permits the time for bringing an accused to trial to be extended for certain specified reasons, including among others: "(F) Any period of delay necessitated by a removal or change of venue pursuant to law"; "(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion"; and "(I) Any period during which an appeal filed pursuant to section 2945.67 of the Revised Code is pending."

**{¶ 10}** Generally, review of a speedy-trial claim involves a mixed question of law and fact. *State v. Long*, 163 Ohio St.3d 179, 2020-Ohio-5363, 168 N.E.3d 1163, ¶ 15. However, because the facts in this case are undisputed and the trial court made no findings, our review of the trial court's decision to grant the motion to dismiss for a constitutional speedy-trial violation is de novo. *See State v. Barnes*, 8th Dist. Cuyahoga No. 90847, 2008-Ohio-5472, ¶ 19.

**{¶ 11}** "When reviewing a speedy-trial question, an appellate court must count the number of delays chargeable to each side and then determine whether the number of days not tolled exceeded the time limits under R.C. 2945.71." *State v. Wells*, 8th Dist. Cuyahoga No. 109787, 2021-Ohio-2585, ¶ 47, citing *State v. Ferrell*, 8th Dist. Cuyahoga No. 93003, 2010-Ohio-2882, ¶ 20. "Speedy-trial provisions are mandatory, and courts must strictly enforce them." *State v. Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, 45 N.E.3d 127, ¶ 81, citing *State v. Parker*, 113 Ohio St.3d 207, 2007-Ohio-1534, 863 N.E.2d 1032, ¶ 15, and *State v. Hughes*, 86 Ohio St.3d 424, 427, 1999-Ohio-118, 715 N.E.2d 540. "If the defendant is not brought to trial in the allotted time, the trial court must discharge the defendant upon a timely motion." *Id.*, citing R.C. 2945.73(B).

**{¶ 12}** In this matter, after the original felony child-endangerment charge was dismissed, Gross was charged with a misdemeanor based upon the same facts. The city argues that the speedy-trial time does not include the period when no charges were pending against Gross and that the trial court erred when it granted the motion to dismiss based on R.C. 2945.71(B)(2) and did not correctly apply the

law to the facts of the case. The city also claims Gross's right to a speedy trial has not been violated under the limitation period of either R.C. 2945.71(B)(2) or (C)(2) because only 54 days are counted toward speedy-trial time.[1] Gross contends that the speedy-trial time was triggered upon her arrest on January 23, 2021, and that she was not arraigned in the municipal court until May 20, 2021, which she claims is over the 90-day speedy-trial limitation under R.C. 2945.71(B)(2) for a first-degree misdemeanor charge.

{¶ 13} As an intermediate appellate court, we are bound by and must follow and apply the decisions of the Ohio Supreme Court. *Brandt v. Pompa*, 2021-Ohio-845, 169 N.E.3d 285, ¶ 31 (8th Dist.), citing *Gehad & Mandi, Inc. v. Ohio State Liquor Control Comm.*, 10th Dist. Franklin No. 05AP1181, 2006-Ohio-3081, ¶ 7.

{¶ 14} In *State v. Blackburn*, 118 Ohio St.3d 163, 2008-Ohio-1823, 887 N.E.2d 319, the Supreme Court of Ohio determined that when charges arise from the same underlying facts and circumstances as the charges in a previous case that was dismissed, the statutory time for a speedy trial dates back to when the defendant was originally charged. *Blackburn* at ¶ 11, citing *State v. Adams*, 43 Ohio St.3d 67, 68, 538 N.E.2d 1025 (1989), and *State v. Bonarrigo*, 62 Ohio St.2d 7, 11, 402 N.E.2d

---

[1] The city also argues 2020 Am.Sub.H.B. No. 197 extended the speedy-trial requirements of R.C. 2945.71. Am.Sub.H.B. No. 197, which the Governor of Ohio signed into law on March 27, 2020, and was retroactive to March 9, 2020, tolled the time limitations until the sooner of the expiration of Executive Order 2020-01D or July 30, 2020. This order has no application in this matter. Gross's arrest did not occur until January 23, 2021.

530 (1980).[2]    Consequently, in *Blackburn*, the Supreme Court held that "in calculating the time within which a criminal defendant must be brought to trial under R.C. 2945.71, periods of delay resulting from motions filed by the defendant in a previous case also apply in a subsequent case in which there are different charges based on the same underlying facts and circumstances of the previous case." *Blackburn* at ¶ 23.

{¶ 15}  In *Broughton*, 62 Ohio St.3d 253, 581 N.E.2d 541, the Supreme Court of Ohio held that

> for purposes of computing how much time has run against the state under the speedy-trial statute, the time period between the dismissal without prejudice of an original indictment and the filing of a subsequent indictment, premised upon the same facts as alleged in the original indictment, shall not be counted unless the defendant is held in jail or released on bail pursuant to Crim.R. 12(I).

*Broughton* at 259-260.  However, the Supreme Court recognized "any time period that has elapsed under the original indictment should be tacked on to the time period commencing with the second indictment." *Id*. at 261, citing *Bonarrigo* at 11. The Supreme Court reaffirmed the holding in *Broughton* in *Azbell*, 112 Ohio St.3d

---

[2] The Supreme Court determined in the 1989 *Adams* case that "'when new and additional charges arise from the same set of facts as those found in the original charge, and the state knew of such facts at the time of the initial indictment, the time within which trial is to begin on the additional charge is subject to the same statutory limitations period as that applied to the original charge.'" *Id*. at 68-69, quoting *State v. Clay*, 9 Ohio App.3d 216, 218, 459 N.E.2d 609 (11th Dist.1983), and citing *Bonarrigo* at 11; *see also Parker*, 113 Ohio St.3d 207, 2007-Ohio-1534, 863 N.E.2d 1032, at ¶ 18.  However, "[a] later indictment is not subject to the speedy-trial timetable of an earlier indictment or arrest 'when additional criminal charges arise from facts different from the original charges, or the state did not know of these facts at the time of the initial indictment' or earlier arrest." *Adams,* 144 Ohio St.3d 429, 2015-Ohio-3954, 45 N.E.3d 127, at ¶ 84, quoting *State v. Baker*, 78 Ohio St.3d 108, 110, 676 N.E.2d 883 (1997).

300, 2006-Ohio-6552, 859 N.E.2d 532, at ¶ 17, and *State v. Myers*, 97 Ohio St.3d 335, 2002-Ohio-6658, 780 N.E.2d 186, ¶ 36.

{¶ 16} The Tenth District, relying on *Broughton*, "has repeatedly declined to count days between a dismissal of charges and a subsequent indictment [or complaint] premised on the same facts unless the defendant is held in jail or released on bail pursuant to Crim.R. 12(I)." (Citations omitted.) *State v. Loel*, 10th Dist. Franklin No. 13AP-874, 2014-Ohio-3045, ¶ 10. "This conclusion is based on the principle that days should not be counted when there are no criminal charges pending." *Id.* at ¶ 10, citing *State v. Diallo*, 10th Dist. Franklin No. 12AP-388, 2013-Ohio-1248, ¶ 14. In *Loel*, the court held that "[p]ursuant to *Broughton*, the days between the dismissal of the complaint in the municipal court and the filing of the indictment [in the common pleas court] based on the same facts are not counted in this speedy trial analysis." *Id.* at ¶ 13; *see also State v. Ferguson*, 10th Dist. Franklin No. 16AP-307, 2016-Ohio-8537, ¶ 14 ("Because we do not count the days between the municipal court dismissal and subsequent indictment in this case, appellant's argument fails."). Likewise, in *State v. Crosby*, 10th Dist. Franklin No. 12AP-348, 2012-Ohio-6202, the Tenth District found there was no speedy-trial violation where the running of the defendant's speedy-trial period, which commenced upon his initial arrest and felony charges, was tolled when the original charges were dismissed for future indictment on the same charges based on the same events. *Id.* at ¶ 14.

{¶ 17} In *Cleveland v. Evans*, 8th Dist. Cuyahoga No. 100721, 2014-Ohio-4567, this court determined the time was tolled between a defendant's misdemeanor conviction for driving under a suspended license and his subsequent receipt of a citation that arose from the same occurrence for a misdemeanor charge for operating a vehicle while intoxicated, stating as follows:

> Appellant wishes to count this time against the Village. When no charges are pending and a person is not under arrest or subject to conditions of bond, the reasons for which the speedy trial statute was instituted, "to minimize the restrictions on freedom and the general disruption of life caused by pending and unresolved criminal charges[,]" are not implicated. [*State v. Phillips*, 19 Ohio App.3d 85, 86, 482 N.E.2d 1337 (10th Dist.1984).] Therefore, the speedy trial time is tolled for this period of time.

*Evans* at ¶ 24.[3]

{¶ 18} Adhering to the Supreme Court authority above, we find the statutory time for speedy trial dates back to when Gross was arrested and held pending the original felony charge, and any elapsed time for the original felony charge is tacked on to the time period commencing with the subsequent service of the summons, or first appearance, for the misdemeanor charge premised on the same facts; however, the time between the dismissal of the original felony charge and Gross's first appearance on the subsequent misdemeanor charge is not counted in the speedy-trial analysis. In computing the speedy-trial time that has elapsed in this case, our review reflects Gross was arrested on January 23, 2021, and was released on bond

---

[3] As this court recognized in *Evans*, this approach "strictly construes the statute, but also balances the competing interests of the Village as set forth in *Phillips*, while conforming to our prior precedent in [*State v. Robertson*, 8th Dist. Cuyahoga No. 93396, 2010-Ohio-2892]." *Evans* at ¶ 22.

on January 26, 2021, which counts as 9 days.[4] The time from January 27, 2021, until the felony charge was dismissed on February 26, 2021, counts as 31 days. No time is counted for the period between February 26, 2021, and May 20, 2021, when no charges were pending. Although the misdemeanor complaint was filed on May 6, 2021, initial attempts to serve the summons failed. Gross first appeared in the misdemeanor case on May 20, 2021, and the time until the case was continued on June 2, 2021, counts as 14 days. The time was tolled during the period of continuance until the court heard Gross's motion to dismiss on June 30, 2021. R.C. 2945.72(H). The time is tolled during the pendency of this appeal. R.C. 2945.72(I). Thus, the total time that has elapsed for the misdemeanor charge is 54 days.

{¶ 19} We recognize Gross's motion to dismiss was based on the application of the 90-day speedy-trial limitation period under R.C. 2945.71(B)(2), as opposed to the 120-day limitation period under R.C. 2945.71(C). We find no speedy-time trial violation occurred under either time limitation.

{¶ 20} Nonetheless, we recognize the outstanding question of which statutory speedy-trial limitation applies to calculate the speedy-trial limit when an original felony charge is later reduced to a misdemeanor charge based on the same conduct. "[T]his precise situation was not addressed by the legislature in the speedy

---

[4] "The day of arrest does not count when computing speedy-trial time." *Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, 45 N.E.3d 127, at ¶ 82, fn. 7, citing *State v. Nesser*, 2d Dist. Clark No. 2013 CA 21, 2014-Ohio-1978, ¶ 32, and *State v. Semenchuck*, 8th Dist. Cuyahoga No. 90854, 2009-Ohio-465, ¶ 21. Pursuant to R.C. 2945.71(E), "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days."

trial statute." *Phillips*, 19 Ohio App.3d at 86, 482 N.E.2d 1337. Further, the Supreme Court of Ohio has not addressed this exact issue. *See Blackburn*, 118 Ohio St.3d 163, 2008-Ohio-1823, 887 N.E.2d 319; *Adams*, 43 Ohio St.3d 67, 538 N.E.2d 1025; *Baker*, 78 Ohio St.3d at 110, 676 N.E.2d 883; *Parker*, 113 Ohio St.3d 207, 2007-Ohio-1534, 863 N.E.2d 1032. Some courts considering this scenario have balanced the competing interests of the accused and the state and computed the speedy-trial deadline by comparing the deadlines for the original more serious charge and the reduced charge and using the earlier of the two deadlines. *See, e.g., State v. Sitko*, 11th Dist. Trumbull No. 2020-T-0016, 2021-Ohio-788, ¶ 46, citing *State v. Clark*, 11th Dist. Lake No. 2007-L-139, 2008-Ohio-2760, ¶ 30; *State v. Smith*, 4th Dist. Athens No. 99CA31, 2000 Ohio App. LEXIS 89, 4-5 (Jan. 12, 2000), citing *State v. Cattee*, 14 Ohio App.3d 239, 242, 470 N.E.2d 421 (4th Dist.1983); *Phillips* at 86-87. As expressed in *Cattee*, "A much fairer rule * * * is that where a felony complaint is filed, the accused is bound to the grand jury and an indictment charging a misdemeanor is returned, the statutory time limitations respecting the misdemeanor shall apply subject to the requirement that the time for trial shall not exceed the statutory period for trial of the felony." (Emphasis deleted.) *Id.* at 242.[5]

---

[5] By analogy, another question that has arisen is "when the accused is initially charged with felony and misdemeanor level offenses and the felony charge is later dismissed, which speedy trial time period should be applied?" *State v. March*, 12th Dist. Butler No. CA2015-08-070, 2016-Ohio-3288, ¶ 13. In *March*, the court applied the earlier deadline approach to the procedural posture of the case. *Id.* at ¶ 19-20; *see also State v. Deacey*, 2d Dist. Montgomery No. 27408, 2017-Ohio-8102, ¶ 96-100.

These cases highlight the need for the legislature to consider revising the speedy-trial statutes.

{¶ 21} In conclusion, regardless of which speedy-trial time limitation under R.C. 2945.71(B)(2) or (C)(2) is applied, because only 54 days elapsed, the speedy-trial time limits were not exceeded. Therefore, Gross was not entitled to a dismissal of the misdemeanor charge on speedy-trial grounds, and the trial court erred in granting her motion to dismiss. The city's assignments of error are sustained pursuant to the legal analysis provided herein.

{¶ 22} Judgment reversed, and case remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, ADMINISTRATIVE JUDGE

EILEEN T. GALLAGHER, J., and
MARY J. BOYLE, J., CONCUR