[Cite as *State ex rel. Fraley v. Dept. of Rehab. & Corr.*, 2026-Ohio-1156.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. James K. Fraley, | : | |
| Relator, | : | |
| v. | : | No. 25AP-732 |
| Ohio Department of Rehabilitation & Correction, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

D E C I S I O N

Rendered on March 31, 2026

**On brief:** *James K. Fraley*, pro se.

**On brief:** *Dave Yost*, Attorney General, *D. Chadd McKitrick*, and *Andrew T. Gatti*, for respondent.

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

DORRIAN, J.

{¶ 1} Relator, James K. Fraley, has filed this original action requesting that this court issue a writ of mandamus ordering respondent, Ohio Department of Rehabilitation and Correction ("ODRC"), to provide the public records he requested. ODRC moved to dismiss relator's petition for a writ of mandamus, asserting dismissal was required because relator failed to comply with the requirements of R.C. 149.43(C)(1) and (2).

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate recommends that this court grant ODRC's motion to dismiss relator's petition for writ of mandamus.

{¶ 3} No party has filed objections to the magistrate's decision. The case is now before this court for review. Under Civ.R. 53(D)(4)(c), if no timely objections are filed, this court may adopt a magistrate's decision, unless we determine there is an error of law or other defect evident on the face of the magistrate's decision.

{¶ 4} We have reviewed the magistrate's decision and find no error in the magistrate's findings of fact, except the finding that relator did not file a response to ODRC's motion to dismiss. The record reflects that relator filed a response to the motion to dismiss on December 8, 2025, one day prior to the issuance of the magistrate's decision.[1] With respect to the magistrate's conclusions of law, for the reasons explained below, we reject the magistrate's conclusion that the motion to dismiss should be granted.

{¶ 5} In 2024, the General Assembly adopted Sub. H.B. No. 265 ("H.B. 265"), which included amendments to the Ohio Public Records Act that "impose[d] additional procedural requirements on a person filing a public-records mandamus action." *State ex rel. Jordan v. Dept. of Rehab. & Corr.*, 2025-Ohio-3051, ¶ 4 (DeWine, J., concurring).[2] *See id.* at ¶ 19 (Kennedy, C.J., dissenting) ("Effective April 9, 2025, the General Assembly amended the Ohio Public Records Act, R.C. 149.43, establishing new procedural requirements for a public-records requester to bring a mandamus action seeking to compel the production of public records and eliminating awards of statutory damages in such actions to relators who are incarcerated."); 2024 Sub.H.B. No. 265. As relevant to this appeal, H.B. 265 amended R.C. 149.43(C)(1) to provide that a person aggrieved by a public office's failure to provide public records may serve that public office with a complaint on a form prescribed by the clerk of the court of claims. The public office then has three business days to cure or otherwise address the failure alleged in the complaint. The aggrieved person may not file a mandamus action within that three-day period. H.B. 265 also amended R.C. 149.43(C)(2) to provide that upon filing a mandamus action, the aggrieved person

---

[1] We note that relator moved for an extension of time to respond to ODRC's motion to dismiss and the magistrate granted that motion, ordering that any response be filed no later than December 10, 2025. Thus, pursuant to the magistrate's order granting the extension of time, relator's response to the motion to dismiss was timely filed.

[2] The magistrate also quoted *Jordan* in his decision, but the citation did not indicate that the quoted portion was from Justice DeWine's separate concurring opinion. There was no written majority decision in *Jordan*, as a majority of justices concurred in the decision to grant ODRC's motion to dismiss but only Justice Deters joined Justice DeWine's separate concurring opinion.

must file with their complaint or petition a written affirmation of compliance with the complaint-and-waiting-period requirement of R.C. 149.43(C)(1), and that the mandamus action shall be dismissed if the written affirmation is not filed. The H.B. 265 amendments to R.C. 149.43(C)(1) and (2) took effect on April 9, 2025.

{¶ 6} Relator asserts he made his public-records request on February 11, 2025, which was before the H.B. 265 amendments to the Public Records Act became effective. However, relator did not file his mandamus petition until September 11, 2025, which was after the amendments went into effect. It is undisputed that relator did not comply with the requirements set forth in the amended versions of R.C. 149.43(C)(1) and (2). Therefore, we must determine whether the pre-amendment or post-amendment version of the Public Records Act governs when ruling on ODRC's motion to dismiss.

{¶ 7} Generally, the Supreme Court of Ohio has stated that "[p]ublic-records requests are governed by the version of R.C. 149.43 that was in effect *at the time that the request was made.*" (Emphasis added.) *State ex rel. McDougald v. Sehlmeyer*, 2020-Ohio-4428, ¶ 15, fn. 1.[3] *See State ex rel. McDougald v. Greene*, 2020-Ohio-3686, ¶ 14, fn. 2[4] ("Public-records requests are governed by the version of R.C. 149.43 that was in effect at the time that the request was made."); *State ex rel. Cordell v. Paden*, 2019-Ohio-1216, ¶ 11[5] ("We apply the version of R.C. 149.43 that was in effect at the time that she made her records requests."); *State ex rel. Martin v. Greene*, 2019-Ohio-1827, ¶ 9[6] ("A request for the production of public records is governed by the version of Ohio's Public Records Act that was in effect at the time that the request was made."). Ohio's intermediate appellate courts have relied on this declaration in public-records cases. *See State ex rel. Util. Supervisors Emps. Assn. v. Cleveland*, 2023-Ohio-463, ¶ 16, fn. 6 (8th Dist.); *State ex rel. Ware v. Andrews*, 2021-Ohio-4257, ¶ 11 (11th Dist.).

---

[3] *Sehlmeyer*, 2020-Ohio-4428, was a per curiam decision joined by six of the Court's justices. Then-Justice Kennedy concurred separately with a written opinion.

[4] *Greene*, 2020-Ohio-3686, was a per curiam decision joined by five of the Court's justices. Then-Justice Kennedy dissented with a written opinion that was joined by Justice Stewart.

[5] *Cordell*, 2019-Ohio-1216, was a per curiam decision joined by all seven of the Court's justices.

[6] *Martin*, 2019-Ohio-1827, was a per curiam decision joined by six of the Court's justices. Then-Justice Kennedy concurred in judgment only.

{¶ 8} Notwithstanding the Supreme Court's prior decisions, in *Jordan*, a majority of the Court's justices concurred in granting ODRC's motion to dismiss a public-records mandamus claim that presented similar circumstances to those in this case—i.e., the public-records request was made before the H.B. 265 amendments to R.C. 149.43(C)(1) and (2) became effective, the mandamus claim was filed after the amendments became effective, and the relator had failed to comply with the requirements imposed by the amendments. Justice DeWine authored a concurring opinion in *Jordan* citing the Court's precedents addressing the distinction between substantive and procedural law and asserting that "when there is a new procedural or remedial law, it applies prospectively to all relevant proceedings after it takes effect." *Jordan* at ¶ 7 (DeWine, J., concurring). He concluded that the H.B. 265 amendments to R.C. 149.43(C)(1) and (2) were "purely procedural" and applied to all proceedings filed on or after April 9, 2025. *Id.* at ¶ 8. Justice DeWine acknowledged *Martin*, *Cordell*, and other decisions stating that the Court applies the version of the Public Records Act in effect at the time a public-records request was made but criticized those decisions as flimsy precedent. *Id.* at ¶ 11-17. He argued those decisions relied on an earlier decision in which the Court stated that the relator's complaint was governed by a prior version of the Public Records Act that was effective on the dates the relator made the public-records request *and* commenced the mandamus claim. *Id.* at ¶ 13, citing *State ex rel. Kesterson v. Kent State Univ.*, 2018-Ohio-5108, ¶ 11, fn. 1. Justice DeWine further argued that the Court's subsequent decisions failed to explain why they diverged from the full statement in *Kesterson* and failed to squarely address the question of whether the relevant statutory amendments were substantive or procedural. *Id.* at ¶ 13-15. Therefore, Justice DeWine asserted, decisions such as *Martin* and *Cordell* "demonstrate simply an unexplained misstep." *Id.* at ¶ 14. Justice DeWine argued that by dismissing the petition in *Jordan*, the Court was relying on the "solid foundation of longstanding precedent" regarding prospective application of procedural laws. *Id.* at ¶ 17.

{¶ 9} Chief Justice Kennedy dissented from the dismissal order, conceding that the H.B. 265 amendments to R.C. 149.43(C)(1) and (2) were procedural but arguing that the Court's prior decisions were binding precedent that should not be overruled without full consideration by the Court. *Id.* at ¶ 25-26 (Kennedy, C.J., dissenting).

{¶ 10} " 'This court as an intermediate appellate court, is bound by, and must follow and apply, the decisions of the Ohio Supreme Court.' " *State v. Williams*, 2023-Ohio-1002, ¶ 27, fn. 3 (10th Dist.), quoting *Gehad & Mandi, Inc. v. Ohio State Liquor Control Comm.*, 2006-Ohio-3081, ¶ 7 (10th Dist.). " 'This court has no authority to modify, and much less to overrule, any decision of the Ohio Supreme Court.' " *Id.*, quoting *Gehad* at ¶ 7. Although we note that a majority of justices concurred in granting the motion to dismiss in *Jordan* under similar factual circumstances to those presented in this case, only Justice Deters joined Justice DeWine's separate concurring opinion and the reasoning set forth in that opinion was not adopted by a majority of the Court. Therefore, we conclude we are bound by the Court's prior declarations that "[p]ublic-records requests are governed by the version of R.C. 149.43 that was in effect at the time that the request was made." *McDougald* at ¶ 15, fn. 1. In this case, because relator made his public-records request before the H.B. 265 amendments to R.C. 149.43(C)(1) and (2) became effective, his petition is not subject to dismissal for failure to comply with the written affirmation requirement in the amended version of R.C. 149.43(C)(2). At the time relator made his public-records request there was no written affirmation requirement contained in R.C. 149.43(C)(2). Accordingly, ODRC's motion to dismiss must be denied.

{¶ 11} Following an independent review of this matter, we conclude that relator's petition should not be dismissed for failure to comply with the written affirmation requirement contained in R.C. 149.43(C)(2), as amended by H.B. 265, because that amendment had not become effective as of the date that relator submitted his public-records request. We adopt the magistrate's findings of fact, except the finding that relator did not file a response to ODRC's motion to dismiss, and we modify the magistrate's conclusions of law to reflect our decision to deny ODRC's motion to dismiss. Therefore, we remand this matter to the magistrate for further adjudication.

*Motion to dismiss denied*;
*action remanded to magistrate.*

MENTEL and LELAND, JJ., concur.

———————————

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. James K. Fraley, | : | |
| Relator, | : | |
| v. | : | No. 25AP-732 |
| Ohio Department of Rehabilitation & Correction, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on December 9, 2025

*James K. Fraley*, pro se.

*Dave Yost*, Attorney General, and D. Chadd McKitrick, and *Andrew T. Gatti*, for respondent.

IN MANDAMUS ON
RESPONDENT'S MOTION TO DISMISS

{¶ 12} Relator, James K. Fraley, has filed this original action requesting that this court issue a writ of mandamus ordering respondent, Ohio Department of Rehabilitation and Correction ("ODRC"), to provide the public records he requested.

Findings of Fact:

{¶ 13} 1. Relator is an inmate at London Correctional Institution ("LCI") in London, Ohio.

{¶ 14} 2. ODRC is a governmental agency responsible for, among other things, operating the Ohio prison system.

{¶ 15} 3. According to relator's September 11, 2025, petition for writ of mandamus, on February 11, 2025, relator sent via "kite," which is a prison messaging system, a public-records request to two librarians at the LCI law library requesting copies of the cashier manual, captain's manual, lieutenant's manual, business manual, commissary manual, inspector's manual, and food service manual. ODRC responded that it did not have the captain's or lieutenant's manuals and refused to produce the other requested manuals.

{¶ 16} Furthermore, according to relator's petition, on February 22, 2025, relator sent to the commissary manager at LCI a public-records request seeking a list of maximum limits for each item sold in the commissary. ODRC responded that the list of items should be posted in the dorm.

{¶ 17} 4. In his petition, relator has requested that the court order ODRC to provide the requested public records; award statutory damages pursuant to R.C. 149.43(C)(2); and award court costs for ODRC's bad faith failure to comply with its statutory obligations.

{¶ 18} 5. On October 10, 2025, ODRC filed a motion to dismiss relator's petition. Relator has not filed a response.

Conclusions of Law:

{¶ 19} The magistrate recommends that this court grant ODRC's motion to dismiss relator's petition for writ of mandamus.

{¶ 20} Mandamus is an appropriate remedy to compel compliance with the Public Records Act. *State ex rel. Physicians Commt. for Responsible Medicine v. Bd. of Trustees of Ohio State Univ.*, 108 Ohio St.3d 288, 2006-Ohio-903, ¶ 6; *see also* R.C. 149.43(C)(1)(b). In order for this court to issue a writ of mandamus, a relator must ordinarily show a clear legal right to the relief sought, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967).

A court may dismiss a complaint pursuant to Civ.R. 12(B)(6) if, after all factual allegations in the complaint are presumed true and all reasonable inferences are

made in relator's favor, it appears beyond doubt that relator could prove no set of facts entitling him or her to the requested extraordinary writ. *State ex rel. Turner v. Houk*, 2007-Ohio-814, ¶ 5.

{¶ 21} Pursuant to R.C. 149.43(B)(1), a public office is required to make copies of public records available to any person on request and within a reasonable period of time. Courts are to construe the Public Records Act liberally in favor of broad access and are to resolve doubts in favor of disclosure of the public records. *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 2012-Ohio-4246, ¶ 16.

{¶ 22} In the present case, ODRC argues that relator failed to comply with the requirements in R.C. 149.43(C)(1) and (2). R.C. 149.43 was amended on April 9, 2025, and imposes additional procedural requirements on a person filing a public-records mandamus action. The Supreme Court of Ohio summarized the amendments to R.C. 149.43(C), as follows:

> Before filing a mandamus action for a Public Records Act violation, a person must first serve a complaint on the public office or person responsible for the requested records. R.C. 149.43(C)(1). The public office then has three business days to cure the alleged violation. Id. Compliance with this requirement is a prerequisite to the commencement of a lawsuit. *Id*. A person may not file a mandamus action unless he submits with his petition
>
> "[A] written affirmation stating that the person properly transmitted a complaint to the public office or person responsible for public records, [that] the failure alleged in the complaint has not been cured or otherwise resolved to the person's satisfaction, and that the complaint was transmitted to the public office or person responsible for public records at least three business days before the filing of the suit."
>
> R.C. 149.43(C)(2). "If the person fails to file [the] affirmation . . . , the suit shall be dismissed." *Id.*

*State ex rel. Jordan v. Dept. of Rehab. & Corr.*, 2025-Ohio-3051, ¶ 4.

{¶ 23} In the present case, relator has failed to comply with R.C. 149.43(C)(1) and (2). Relator did not file, in conjunction with his petition, a written affirmation affirming that he completed the three requirements in R.C. 149.43(C)(2). Therefore, pursuant to R.C. 149.43(C)(2), the magistrate is required to dismiss relator's petition.

{¶ 24} Accordingly, it is the magistrate's recommendation that the court grant ODRC's motion to dismiss relator's petition for writ of mandamus. All other pending motions are denied as moot.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.