[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. McDougald v. Sehlmeyer*, Slip Opinion No. 2020-Ohio-4428.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-4428

THE STATE EX REL. MCDOUGALD *v.* SEHLMEYER.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. McDougald v. Sehlmeyer*, Slip Opinion No. 2020-Ohio-4428.]

*Mandamus—Public Records Act—R.C. 149.43—A public office acts within its discretion when it declines a public-records request based on a good-faith belief that the party requesting the records is unable to pay for copying costs—Writ denied.*

(No. 2019-1659—Submitted June 2, 2020—Decided September 17, 2020.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶ 1} Relator, Jerone McDougald, seeks a writ of mandamus to compel respondent, Sonrisa Sehlmeyer, to produce a document pursuant to a public-records request and to pay statutory damages and court costs. Also pending are McDougald's unopposed motions seeking leave to amend his complaint and leave

to submit additional facts. For the reasons set forth below, we deny the requested writ, both motions, and the requests for statutory damages and court costs.

## I. Background

{¶ 2} On September 24, 2019, McDougald, an inmate at the Toledo Correctional Institution ("TCI"), submitted a public-records request for a use-of-force report concerning an incident in which he was involved. He delivered the public-records request via prison kite.

{¶ 3} Sehlmeyer is the official responsible for public-records requests at TCI. She responded to McDougald on September 30 with a letter, writing, "We have researched your request; however, you currently have insufficient funds in your account to complete this request. Re-submit your cash slip when there are sufficient funds available." Sehlmeyer did not indicate how much the record would cost to copy or how much money McDougald had in his inmate account.

{¶ 4} On December 2, 2019, McDougald filed an original action against Sehlmeyer in this court, seeking a writ of mandamus. He alleged that at the time of his public-records request, he did have sufficient funds in his inmate account to pay for the record and that Sehlmeyer's response was therefore false. He alleged that he had $1.30 in his account at the time, but he did not indicate the cost to copy the records.

{¶ 5} We issued an alternative writ and ordered the parties to submit evidence and file briefs in accordance with S.Ct.Prac.R. 12.05. 158 Ohio St.3d 1404, 2020-Ohio-371, 139 N.E.3d 907. The parties have submitted evidence and filed merit briefs, and McDougald has filed two unopposed motions for leave.

## II. Legal analysis

### A. Standard of review

{¶ 6} Ohio's Public Records Act, R.C. 149.43, requires a public office to make copies of public records available to any person upon request, within a reasonable period of time. R.C. 149.43(B)(1). A "public record" is a record "kept

by any public office." R.C. 149.43(A)(1). Mandamus is an appropriate remedy by which to compel compliance with the Public Records Act. R.C. 149.43(C)(1)(b); *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174, ¶ 6.

{¶ 7} To be entitled to a writ, McDougald must demonstrate that he has a clear legal right to the requested relief and that Sehlmeyer has a clear legal duty to provide that relief. *State ex rel. Cincinnati Enquirer v. Sage*, 142 Ohio St.3d 392, 2015-Ohio-974, 31 N.E.3d 616, ¶ 10. McDougald must prove his right to relief by clear and convincing evidence. *Id.* However, R.C. 149.43 "is construed liberally in favor of broad access, and any doubt is resolved in favor of disclosure of public records." *State ex rel. Cincinnati Enquirer v. Hamilton Cty.*, 75 Ohio St.3d 374, 376, 662 N.E.2d 334 (1996).

### B. McDougald's first motion for leave

{¶ 8} In his complaint, McDougald alleged that he had $1.30 in his account when he submitted his public-records request. However, the evidence in the record shows that for the period of time including September 24 (the date of McDougald's public-records request) and September 30 (the date of Sehlmeyer's response), McDougald had $1.25 in his inmate account.

{¶ 9} On February 3, 2020, McDougald filed his first motion for leave, asking to amend his complaint to indicate an account balance of $1.25. However, because the correct figure is in the record, there is no need to amend his complaint. We therefore deny the first motion for leave.

### C. The merits of the public-records claim

{¶ 10} McDougald claims that Sehlmeyer violated her duties under the Public Records Act when she "denied" his public-records request due to his having insufficient funds. But Sehlmeyer did not *deny* his request. To the contrary, as stated by Sehlmeyer in her affidavit that she submitted as evidence in this case, she informed McDougald that he lacked sufficient funds in his inmate account and

notified him that he could "re-submit his cash slip when sufficient funds were available."

{¶ 11} Ohio's Public Records Act does not require a records custodian to provide copies of records free of charge. *State ex rel. Call v. Fragale*, 104 Ohio St.3d 276, 2004-Ohio-6589, 819 N.E.2d 294, ¶ 6. Instead, the statute "requires only that copies of public records be made available at cost." *Id.*, citing R.C. 149.43(B)(1). And a public office acts within its discretion when it declines a public-records request based on "a good faith belief that the party requesting the records was unable to pay for copying costs." *State ex rel. Mayrides v. Whitehall*, 62 Ohio App.3d 225, 575 N.E.2d 224 (10th Dist.1990), paragraph two of the syllabus.

{¶ 12} In her affidavit, Sehlmeyer attests that McDougald had insufficient funds in his inmate account to pay for a copy of the public record he was requesting. According to Sehlmeyer, "[t]he assessment that he had insufficient funds was determined by the institutional cashier's office." McDougald alleges that he *did* have sufficient funds in his inmate account to pay for the public record, pointing to the evidence that he had $1.25 in his account. But McDougald's account balance is not the only evidence that is necessary for him to meet his burden. He has presented no evidence showing what it would cost for a copy of the use-of-force report. Indeed, he never followed up with Sehlmeyer to inquire how much a copy would cost. Therefore, he has not shown that Sehlmeyer failed to fulfill any of her obligations as a public-records custodian.

{¶ 13} Sehlmeyer provided a complete response to McDougald's public-records request. We therefore deny his request for a writ of mandamus.

### D. *Statutory damages, court costs,*
### *and McDougald's second motion for leave*

{¶ 14} In his complaint, McDougald requests an award of statutory damages for what he alleges was Sehlmeyer's "bad faith" denial of his request. A

person requesting public records "shall" be entitled to recover an award of statutory damages "if a court determines that the public office or the person responsible for public records failed to comply with an obligation in accordance with [R.C. 149.43(B)]." R.C. 149.43(C)(2). Because we conclude that Sehlmeyer did not fail to comply with any obligation under the Public Records Act, we deny McDougald's request for statutory damages.

{¶ 15} Under the version of R.C. 149.43 in effect when McDougald made his public-records request,[1] he had to transmit his request by "hand delivery, electronic submission, or certified mail" to qualify for an award of statutory damages. R.C. 149.43(C)(2). On February 18, 2020, McDougald filed his second motion, seeking leave to supplement this record with "the facts that he submitted his public records request 'kite' by hand delivery to Sonrisa Sehlmeyer on September 24, 2019 as she conducted her inmate communication/weekly rounds pursuant to [Ohio Department of Rehabilitation and Correction ("ODRC")] policy 50-PAM-02.[2]" Thus, McDougald seeks leave to add facts that, if proved, would satisfy the delivery-method requirement in R.C. 149.43(C)(2). But because McDougald is not entitled to an award of statutory damages on the merits, the method of delivery is irrelevant. We therefore deny his request for leave to amend.

{¶ 16} Finally, McDougald is not entitled to an award of court costs. Court costs may be awarded under the Public Records Act only when a court grants a writ of mandamus compelling an official to comply with obligations imposed by the act,

---

1. Public-records requests are governed by the version of R.C. 149.43 that was in effect at the time that the request was made. *State ex rel. Cordell v. Paden*, 156 Ohio St.3d 394, 2019-Ohio-1216, 128 N.E.3d 179, ¶ 11. The version of the Public Records Act that governs McDougald's requests, R.C. 149.43 as amended by 2018 Sub.H.B. No. 425, took effect in April 2018.

2. ODRC Policy 50-PAM-02, at 2, states, "It is the policy of * * * ODRC to require the managing officer, deputy wardens, and duty officers to make unannounced visits to the institution's living and activity areas at least weekly to encourage informal contact with staff and inmates and to informally observe living and working conditions." https://drc.ohio.gov/Portals/0/Policies/ DRC%20Policies/50-PAM-02%20(12-2019).pdf?ver=2019-12-09-140951-550 (accessed Aug. 31, 2020) [https://perma.cc/6YGX-QPSM].

R.C. 149.43(C)(3)(a)(i), or when the public office produces the records after the mandamus suit is filed but before relief is ordered and a court determines that the office acted in bad faith, R.C. 149.43(C)(3)(a)(ii) and (b)(iii). Neither condition has been met here.

### III. Conclusion

{¶ 17} Based on the foregoing, we deny the request for a writ of mandamus, both motions for leave, and the requests for court costs and statutory damages.

Writ denied.

O'CONNOR, C.J., and FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

KENNEDY, J., concurs, with an opinion.

_____

**KENNEDY, J., concurring.**

{¶ 18} I concur in the majority's decision because I must. As the majority states, relator, Jerone McDougald, must prove his right to relief by clear and convincing evidence. *State ex rel. Cincinnati Enquirer v. Sage*, 142 Ohio St.3d 392, 2015-Ohio-974, 31 N.E.3d 616, ¶ 10. In this case, respondent, Sonrisa Sehlmeyer, the official responsible for responding to public-records requests at Toledo Correctional Institution ("TCI"), denied McDougald's public-records request because McDougald did not have enough money in his prison account to pay for a copy of the record. The record at issue is the use-of-force report documenting an incident involving McDougald at TCI in September 2019.

{¶ 19} It is undisputed that McDougald had $1.25 in his prison account at the time of his request. But what is still unknown to this court in this matter is the number of pages in the use-of-force report and the total cost of producing a copy for McDougald. McDougald submitted his prison-account information with his complaint, and his prison-account information indicates that the copy charge for some of his previous public-records requests was five cents per page. But

McDougald submitted no evidence as to what the cost per page was for a copy of the use-of-force report at issue here. Further, McDougald had the burden to provide a page count for the document—he could have met that burden had he requested this court to inspect the document in camera. Then and only then could this court determine whether Sehlmeyer's denial of the record for lack of funds in McDougald's account was proper. Although McDougald claims he had sufficient funds in his account when he asked for a copy of the report, he simply did nothing to prove that fact, and therefore failed to prove by clear and convincing evidence his right to relief.

{¶ 20} There is no doubt that the use-of force report that McDougald seeks is a public record. But under the plain language of R.C. 149.43(B)(6), he is not entitled to a copy of that document for free. Whether an inmate involved in a use-of-force incident should have to pay to receive a copy of the report documenting that event is a matter for the General Assembly to decide, as the legislature is "the ultimate arbiter of public policy." *Cleveland v. State*, 157 Ohio St.3d 330, 2019-Ohio-3820, 136 N.E.3d 466, ¶ 40. Because R.C. 149.43(B)(6) allows TCI to charge inmates for copies of use-of-force reports and because McDougald failed to prove that he had funds sufficient to pay the copy charges for the report in his prison account at the time of his request, I concur in the majority's decision.

_____

Jerone McDougald, pro se.

Dave Yost, Attorney General, and Jared S. Yee, Assistant Attorney General, for respondent.

_____