**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Parker Bey v. Byrd*, Slip Opinion No. 2022-Ohio-476.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-476

THE STATE EX REL. PARKER BEY, APPELLANT, *v*. BYRD, CLERK OF COURTS, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Parker Bey v. Byrd*, Slip Opinion No. 2022-Ohio-476.]**

*Public-records requests—Court of appeals did not err on remand in applying R.C. 149.43(B)(8)'s requirement that inmate obtain sentencing judge's approval of release of public records relating to a criminal investigation or prosecution—Judgment denying writ of mandamus affirmed.*

(No. 2021-0624—Submitted October 26, 2021—Decided February 22, 2022.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 107909, 2021-Ohio-1413.

_____

**Per Curiam.**

**{¶ 1}** The Eighth District Court of Appeals has twice denied appellant, Vincent El Alan Parker Bey, a writ of mandamus ordering appellee, Nailah K. Byrd,

the Cuyahoga County Clerk of Courts, to produce various records relating to criminal proceedings against Parker Bey in the Cuyahoga County Court of Common Pleas. After the first denial of the writ, we held in *State ex rel. Parker Bey v. Byrd*, 160 Ohio St.3d 141, 2020-Ohio-2766, 154 N.E.3d 57 ("*Parker Bey I*"), that the court of appeals had erred in applying the Ohio Rules of Superintendence as a basis for denying mandamus relief, *id.* at ¶ 13. We remanded the case to the court of appeals for it to determine whether Parker Bey was entitled to relief under the Public Records Act, R.C. 149.43.

{¶ 2} On remand, the court of appeals determined that Parker Bey was not entitled to relief under the Public Records Act and again denied the writ. Parker Bey appeals again. This time, we affirm.

## I. Factual and Procedural Background

{¶ 3} Parker Bey is an inmate at the Northeast Ohio Correctional Center. This case arises from two records requests that Parker Bey sent to Byrd by certified mail in September 2018. In the first, Parker Bey asked for a copy of a journal entry from his 1995 criminal case. In the second, he requested copies of three additional journal entries from the 1995 case as well as a copy of the clerk of courts' records-retention schedule. Byrd did not respond to the first request and provided only one of the journal entries sought in the second request.

{¶ 4} On November 16, 2018, Parker Bey filed a complaint for a writ of mandamus in the court of appeals, seeking an order compelling Byrd to provide copies of the remaining three journal entries under the Public Records Act. Byrd moved for summary judgment, arguing that as a matter of law under R.C. 149.43(B), she had no duty to provide the requested records to Parker Bey. The court of appeals denied summary judgment, citing *State ex rel. Harris v. Pureval*, 155 Ohio St.3d 343, 2018-Ohio-4718, 121 N.E.3d 337, ¶ 10, for the proposition that the Public Records Act does not apply to an inmate's request for court records.

The court allowed Byrd to file a supplemental brief, in which Byrd argued that she had no obligation to produce the records because Parker Bey sought relief under R.C. 149.43, which was inapplicable to records governed by the Rules of Superintendence. Nonetheless, Byrd attached copies of two of the requested records to her supplemental brief and averred that the other two records do not exist.

{¶ 5} The court of appeals denied Parker Bey's request for mandamus relief. Because the Rules of Superintendence, not the Public Records Act, apply when an inmate seeks court records, the court concluded that Byrd had no clear legal duty to provide the requested records under R.C. 149.43.

{¶ 6} On appeal, in *Parker Bey I*, we held that the court of appeals had erred in denying relief in mandamus on the ground that Parker Bey did not invoke the Superintendence Rules. 160 Ohio St.3d 141, 2020-Ohio-2766, 154 N.E.3d 57, at ¶ 13. The Public Records Act, not the Rules of Superintendence, governed the documents that Parker Bey sought in his public-records requests. *Id.* at ¶ 11. Accordingly, we remanded the case to the court of appeals "to determine whether Parker Bey is entitled to a writ of mandamus to compel Byrd to produce the requested journal entries and whether Parker Bey is entitled to statutory damages and court costs." *Id.* at ¶ 13.

{¶ 7} On remand, the court of appeals again denied the writ. Analyzing Parker Bey's request for journal entries from his criminal case under the Public Records Act, the court of appeals determined that Parker Bey had failed to comply with R.C. 149.43(B)(8). 2021-Ohio-1413, ¶ 4-5. Under that statute, a person incarcerated for a criminal conviction must obtain the approval of the sentencing judge before he may obtain public records relating to a criminal investigation or prosecution. *See State ex rel. Ware v. Giavasis*, 160 Ohio St.3d 383, 2020-Ohio-3700, 157 N.E.3d 710, ¶ 6. In addition, relying on an affidavit from Laura Black, Byrd's chief of staff, the court of appeals found that two of the journal entries Parker

Bey sought did not exist and that the third had already been provided to him. 2021-Ohio-1413 at ¶ 5-6.[1]

{¶ 8} Parker Bey appealed to this court as of right.

## II. Analysis

{¶ 9} Mandamus is the appropriate remedy by which to compel a public officer's compliance with the Public Records Act. *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174, ¶ 6. The requester must establish by clear and convincing evidence a clear legal right to the records and a corresponding clear legal duty on the part of the public officer to provide them. *See State ex rel. Cincinnati Enquirer v. Sage*, 142 Ohio St.3d 392, 2015-Ohio-974, 31 N.E.3d 616, ¶ 10.

### A. R.C. 149.43(B)(8) Was Properly Raised in the Court of Appeals

{¶ 10} As his first proposition of law, Parker Bey argues that the court of appeals erred by "sua sponte" raising R.C. 149.43(B)(8) as a bar to his public-records request. He argues that the court of appeals acted as an advocate for Byrd by raising an issue that Byrd had not argued.

{¶ 11} Parker Bey is mistaken. Byrd raised R.C. 149.43(B)(8) in her motion for summary judgment in the proceedings leading up to *Parker Bey I*. The court of appeals did not consider Byrd's R.C. 149.43(B)(8) argument at that time, however, because it (erroneously) determined that the Rules of Superintendence governed Parker Bey's public-records request. When we remanded in *Parker Bey I*, we ordered the court of appeals to apply the Public Records Act to determine

---

1. The court of appeals also denied Parker Bey's prayer for statutory damages and court costs. 2021-Ohio-1413 at ¶ 6. Parker Bey's briefing in this case does not include any argument relating to the denial of statutory damages and costs.

whether Parker Bey is entitled to a writ of mandamus. Thus, on remand, Byrd's R.C. 149.43(B)(8) argument was back in play.

{¶ 12} Parker Bey also argues that the res judicata doctrines of claim preclusion and/or collateral estoppel barred the court of appeals from considering R.C. 149.43(B)(8) on remand. Even if either of those doctrines bar a party from raising a defense on remand that had not been previously raised (an issue we need not decide), the premise of Parker Bey's argument is incorrect. As noted above, Byrd raised the R.C. 149.43(B)(8) issue in the proceedings before *Parker Bey I*. Therefore, the court of appeals properly consider the issue when this court remanded the matter for consideration of Parker Bey's claim under the Public Records Act.

{¶ 13} Parker Bey's first proposition of law lacks merit.

### B. Affidavit of Laura Black

{¶ 14} As additional grounds for denying the writ, the court of appeals noted that the three case-related documents sought by Parker Bey had either been provided already or did not exist. 2021-Ohio-1413 at ¶ 5-6.[2] For these facts, the court relied on the affidavit of Black, which was submitted in the court-of-appeals proceedings that preceded *Parker Bey I*. *See* 2021-Ohio-1413 at ¶ 5. As his second proposition of law, Parker Bey argues that Black's affidavit is not properly notarized and is therefore invalid. We need not reach this issue, however. The validity of Black's affidavit is moot given that Parker Bey's failure to comply with R.C. 149.43(B)(8) is a valid and sufficient basis for denying relief in mandamus.

{¶ 15} For these reasons, the court of appeals did not err in denying the writ.

---

2. A fourth document that Parker Bey requested—a records-retention schedule—was not a case-related document and was therefore not subject to R.C. 149.43(B)(8). But that document has already been provided to Parker Bey. 2021-Ohio-1413 at ¶ 3; *see also Parker Bey I*, 160 Ohio St.3d 141, 2020-Ohio-2766, 154 N.E.3d 57, at ¶ 16. Parker Bey does not raise his request for the records-retention schedule as an issue in this appeal.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

Vincent El Alan Parker Bey, pro se.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kelli K. Perk, Assistant Prosecuting Attorney, for appellee.

_____