[Cite as *State ex rel. Util. Supervisors Employees' Assn. v. Cleveland*, 2023-Ohio-463.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE EX REL. UTILITIES
SUPERVISORS EMPLOYEES' ASSN.,          :

      Relator,          :          No. 111723

      v.          :

CITY OF CLEVELAND,          :

      Respondent.          :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRIT DENIED
**DATED:** February 15, 2023

---

Writ of Mandamus
Motion No. 559456
Order No. 561628

---

### *Appearances:*

Gertsburg Licata Co., LPA, Stewart D. Roll, and Oliver S. Thomas, *for relator.*

Mark D. Griffin, Cleveland Director of Law, and Amy K. Hough, Assistant Director of Law, *for respondent.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Relator, Utilities Supervisors Employees' Association ("USEA"), seeks a writ of mandamus directing respondent, the city of Cleveland, to fulfill two public records requests it transmitted via email on February 9, 2022. USEA claims

that the city has failed to satisfy this request. We grant the city's motion for summary judgment for the reasons that follow, find the request for writ of mandamus moot, and deny USEA's request for statutory damages, costs, and attorney fees.

## I. Background

{¶ 2} According to USEA's complaint, filed July 11, 2022,[1] it represents approximately 120 employees within the city's Department of Public Works as a result of an election held May 11, 2021. On February 9, 2022, USEA sent an email to Mark Webber, an alleged city employee, requesting the following:

> 1. All agreements, proposed, unsigned, signed, executory, and either failed or completed between the City of Cleveland and any contractor for water and sewer related work within the last five years, including but not limited to the following contractors: Fabrizi, Homes On-Demand, Tri-Mor, Perk, Terrace, Allege, 216-214-3227, Digioa, Progressive Site Work, and Fechko.
>
> 2. All City of Cleveland job descriptions for the positions identified in Article 2 of the Collective Bargaining Agreement ("CBA") between the City of Cleveland and the International Union of Operating Engineers, Local 10, effective April 1, 2019, through March 31, 2022. See attached CBA.[2]

{¶ 3} USEA's representative received a response on February 15, 2022, indicating that Mr. Webber forwarded the request to a city department to process

---

[1] Along with the complaint, USEA sought an alternative writ, which was denied by this court on September 26, 2022.

[2] The complaint alleges that the International Union of Operating Engineers, Local 10, represented USEA's 120 members employed by the city in the Department of Public Works prior to the May 2021 election.

the public records requests. The same day, USEA received a reference number assigned to the request for tracking purposes. The complaint alleges that as of the time of its filing, the city failed to produce records responsive to the request.

{¶ 4} After unsuccessful mediation and a continuance to the briefing schedule requested by the city, the city filed an answer and motion for summary judgment on November 4, 2022. There, it alleged that it had produced some 2,700 pages of records to USEA shortly after the present action was filed. The motion for summary judgment stated that the city had fulfilled the request. It also argued that the request was overly broad. However, the city attached a single affidavit to the summary judgment motion that only averred, in essence, that a public records custodian made unspecified records electronically available to USEA's representative on July 15, 2022. USEA did not file a brief in opposition to the motion for summary judgment. After the time for USEA's response passed, this court issued an order requiring the city to certify by way of affidavit the claims asserted in the motion for summary judgment. On December 30, 2022, the city filed a certification with a sworn affidavit. There, a city attorney averred that on July 15, 2022, the city produced the following documents to USEA's representative:

Contract with Terrace Construction Co. dated April 25, 2019, for 2018-C Water Main Renewal.

Contract with Ward and Burke Tunneling Inc. dated March 20, 2019, for E. 185 St. and Marcella Road Relief Sewer project.

Contract with Fabrizi Recycling Inc. dated May 8, 2018, for 2018-B Water Main Renewal.

Contract with Vallejo Company dated August 24, 2017, for E 115th Street sewer project.

Contract with KMU Trucking dated July 25, 2019, for E 37th St. Pump Station, et. al.

Contract with Terrace Construction dated May 11, 2017, for 2017-A Water Main Renewal. Corp.

Contract with AAA Flexible Pipe Cleaning Corp. dated March 20, 2019, for sewer test tee inspection, installation and snaking.

Contract with Terrace construction company dated August 24, 2017, for E. 186 Street and Glendale sewer project.

Contract with KMU Trucking & Excavating, LLC dated August 14, 2017, for Thrush Ave. sewer replacement project.

Contract with Terrace Construction dated October 11, 2017, for repair of water mains, hydrants, valves, service connections and appurtenances in Area C.

Contract with the Vallejo Company dated August 24, 2017, for the W. 123rd St. sewer project.

Contract with Terrace Construction dated January 23, 2019, for E. 85th St. and Chester Parkway area sewer project.

Contract with Terrace Construction dated December 5, 2018, for large valve renewal replacement, phase II.

Contract with AAA Flexible Pipe Cleaning dated January 23, 2018, for one year of sewer test tee inspection, installation and snaking.

Contract with United Survey, Inc. dated December 9, 2017, for rehabilitating and realigning sewers at various locations.

Contract with Perk Company, Inc. dated December 9, 2021, for constructing and installing replacement sewers and repairing and rehabilitating existing sewers.

Contract with Fabrizi Recycling, Inc. dated May 31, 2017, for Rocky River Drive sewer project.

Contract with Terrace Construction dated August 23, 2019, to repair water mains, fire hydrants, valves, service connections and appurtenances in Area D.

Contract with Fabrizi Recycling, Inc. dated May 31, 2017, for Rockport Ave. sewer replacement project.

Contract with Terrace Construction dated April 10, 2018, for constructing and repairing catch basins and manholes at various locations citywide.

Contract with Terrace Construction dated December 5, 2018, for the W. 3rd St. incinerator force main replacement project.

Contract with Terrace Construction dated August 10, 2017, for Elgin Avenue sewer replacement project.

Contract with Fabrizi Recycling Inc. dated April 25, 2019, for 2019-B water main renewal.

Contract with Sona Construction LLC dated April 25, 2016, for WPC building improvements phase II garage ventilation and Windows project.

Contract with Terrace Construction dated November 30, 2018, for the State Road water main renewal.

Contract with United survey, Inc. dated September 28, 2021, rehabilitating and realigning sewers at various locations citywide.

Contract with Perk Company dated July 29, 2020, for constructing and repairing catch basins and manholes at various locations citywide.

Contract with Terrace Construction dated March 23, 2018, for 2018-A water main renewal.

Contract with United Survey, Inc. dated August 23, 2019, for rehabilitating and realigning sewers at various locations citywide.

Contract with perk company dated October 9, 2019, for constructing and installing replacement sewers and repairing and rehabilitation of existing sewers in various locations citywide.

Contract with Sona Construction dated July 5, 2019, for WPC pavement and drainage improvement project phase II.

Contract with Terrace Construction dated December 5, 2018, for the Almira Avenue sewer project.

Contract with Fabrizi Trucking and Paving Company dated May 20, 2021, for 2021-C water main renewal.

Contract with Terrace Construction dated August 23, 2019, to repair water mains, fire hydrants, veils, service connections and appurtenances in Area D.

Contract with Fabrizi Recycling, Inc. dated December 7, 2018, for Memphis Avenue sewer replacement project.

Contract with perk company dated October 9, 2019, for constructing and installing replacement sewers and repairing and rehabilitation of existing sewers citywide.

Contract with Terrace Construction dated May 31, 2018, for rehabilitation and repairing of sewer connections at various locations citywide.

Contract with Terrace Construction dated June 20, 2017, for W. 83rd St. sewer replacement project. Contract with Terrace Construction [sic]

Contract with Terrace Construction dated September 28, 2017, for constructing and installing replacement sewers and rehabilitation of existing sewers citywide.

Contract with the Fabrizi Recycling, Inc. dated December 7, 2018, for the Henninger Road sewer replacement project.

Contract with North Electric, Inc. dated February 7, 2019, for the WPC pump station generator project.

Contract with Terrace Construction dated July 15, 2020, for the 2020-B water main renewal and sewer replacement.

Contract with Terrace Construction dated August 24, 2021, to repair water mains, fire hydrants, veils, service connections and appurtenances in Area A.

Contract with Sona Construction dated April 23, 2018, for WPC pavement and drainage improvement project phase I.

Contract with perk company dated February 15, 2018, for the Home Court water main renewal.

Contract with AAA Flexible Pipe Cleaning dated July 22, 2020, sewer test tee inspection, installation and snaking.

Contract with Terrace Construction dated July 15, 2020, for 2020-B water main renewal and sewer replacement.

Contract with Perk company dated October 28, 2020, for Muriel Ave. sewer project.

Contract with Terrace Construction dated February 16, 2020, for E. 103rd St. and Colonial Avenue sewer project.

Contract with Terrace Construction dated May 11, 2017, for 2017-B water main renewal.

A Spreadsheet with the title, job description and union code for each job requested. Two job titles are clearly identified as abolished and contain no job description.

Affidavit of Amy K. Hough, filed December 30, 2022. The affiant also averred that

the city produced

every document attached to the above referenced contracts including, but not limited to, the bid, bid addendums, purchase orders, specifications, authorizing ordinance[,] Board of Control resolution, public improvement bond, City of Cleveland treasury certification, City of Cleveland Office of Equal Opportunity evaluation, IRS Form W-9, all prevailing wage notifications, and Bureau of Workers' Compensation certificates.

*Id.*

{¶ 5} In all, the affidavit evidences that the city produced 2,705 pages of documents to USEA. The affidavit also stated that the city had produced all documents in its possession responsive to the records request.

{¶ 6} In response, USEA filed an affidavit from its attorneys claiming that the city only produced contracts and documents from capitally funded projects and not daily maintenance and repair work. The attorney attached printouts from a program purportedly used by the city to track water and sewer projects that indicate Terrace Construction and Noce/Amroc Construction assisted with repair or maintenance on six instances that it claims are not encompassed by the records the city produced.

## II. Law and Analysis

### A. Applicable Standards

{¶ 7} A writ of mandamus is the appropriate means of forcing compliance with Ohio's Public Records Act, R.C. 149.43. R.C. 149.43(C)(1)(b); *State ex rel. Rogers v. Dept. of Rehab. & Corr.*, 155 Ohio St.3d 545, 2018-Ohio-5111, 122 N.E.3d 1208, ¶ 5. A writ will issue when relators show by clear and convincing evidence that they have a clear legal right to the requested records and respondent has a clear legal duty to provide them. *State ex rel. Bey v. Byrd*, 167 Ohio St.3d 358, 2022-Ohio-476, 192 N.E.3d 466, ¶ 9, citing *State ex rel. Cincinnati Enquirer v. Sage*, 142 Ohio St.3d 392, 2015-Ohio-974, 31 N.E.3d 616, ¶ 10. "[T]he Public Records Act 'is construed liberally in favor of broad access, and any doubt is resolved in favor of disclosure of public records.'" *State ex rel. Ware v. Wine*, Slip Opinion No. 2022-Ohio-4472,

¶ 8, quoting *State ex rel. Cincinnati Enquirer v. Hamilton Cty.*, 75 Ohio St.3d 374, 376, 662 N.E.2d 334 (1996).

**{¶ 8}** The action is before the court on summary judgment. Pursuant to Civ.R. 56(C),

> [s]ummary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

"Because granting summary judgment under Civ.R. 56(C) terminates litigation without a trial on the merits, '[t]he requirements of the rule must be strictly enforced.'" *State ex rel. Parker v. Russo*, 158 Ohio St.3d 123, 2019-Ohio-4420, 140 N.E.3d 602, ¶ 10, quoting *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 360, 604 N.E.2d 138 (1992). As a result, a court may not consider other forms of evidence except those specified by Civ.R. 56(C). *Id.*, citing *State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.*, 72 Ohio St.3d 94, 97, 647 N.E.2d 788 (1995); *Rogoff v. King*, 91 Ohio App.3d 438, 446, 632 N.E.2d 977 (8th Dist.1993).

**{¶ 9}** "The Public Records Act requires a public office to make copies of public records available to any person on request, within a reasonable period." *State ex rel. Ware v. Kurt*, Slip Opinion No. 2022-Ohio-1627, ¶ 11, citing

R.C. 149.43(B)(1). Reasonableness is something that is dependent on numerous factors that must be analyzed in each case. *State ex rel. Cincinnati Enquirer v. Deters*, 148 Ohio St.3d 595, 2016-Ohio-8195, 71 N.E.3d 1076, ¶ 23.

### B. Mootness — Fulfillment of the Records Requests

{¶ 10} Generally, producing requested records renders a public records action moot. *State ex rel. Cincinnati Enquirer v. Ohio Dept. of Pub. Safety*, 148 Ohio St.3d 433, 2016-Ohio-7987, 71 N.E.3d 258, ¶ 29; *State ex rel. Toledo Blade Co. v. Seneca Cty. Bd. of Commrs.*, 120 Ohio St.3d 372, 2008-Ohio-6253, 899 N.E.2d 961, ¶ 43. The city has averred in a sworn statement that it has fully complied with the public records requests made by USEA by producing over 2,700 pages of documents responsive to USEA's two records requests.[3]

{¶ 11} The city has alleged that the claim for mandamus in this case is moot. This triggers USEA's reciprocal burden to show a genuine issue of material fact that its claim for mandamus is not moot. USEA has not provided evidence to the contrary to create a material question of fact on this point. In fact, USEA did not respond to the city's motion for summary judgment at all.[4] Therefore, we find that the request for writ of mandamus is moot in light of the city's production of the records in its possession responsive to the request.

---

[3] USEA did not make any assertions that its second records request was not satisfied. Therefore, there is no dispute that this records request for job descriptions is moot.

[4] USEA had the opportunity to file its own motion for summary judgment, oppose respondent's motion for summary judgment, or both. It did neither.

{¶ 12} USEA did file a certification that alleged that the city did not provide all records responsive to the request in that the records cover only capitally funded projects and not daily work. The last statement in the affidavit of USEA's attorney provides, "None of the documents produced by Respondent contained copies of the Daily Work Records between Respondent, and either Terrace Construction Company and Noce/Amroc Construction Inc." However, the public records request did not request such records. The records request asked for

> [a]ll agreements, proposed, unsigned, signed, executory, and either failed or completed between the City of Cleveland and any contractor for water and sewer related work within the last five years, including but not limited to the following contractors: Fabrizi, Homes On-Demand, Tri-Mor, Perk, Terrace, Allega, 216-214-3227, Digioa, Progressive Site Work, and Fechko.

It is not clear that "Daily Work Records" are encompassed by the records request. And if USEA's records request does cover all daily work records, then such a voluminous request for a five-year period would very likely be improper.[5] *See State ex rel. Dehler v. Spatny*, 127 Ohio St.3d 312, 2010-Ohio-5711, 939 N.E.2d 831, ¶ 3; and *State ex rel. Mitchell v. Byrd*, 8th Dist. Cuyahoga No. 111205, 2022-Ohio-2700, ¶ 10-11. If USEA seeks different records that were not encompassed in its records request and the city's reasonable interpretation of the request, it is free to make a more precise request.

---

[5] In the motion for summary judgment, the city asserts that USEA's public records request is overly broad. The city did not inform USEA that it's request was ambiguous or overly broad when it was made or prior to providing records and did not ask USEA to narrow its records request as is required by R.C. 149.43(B)(2).

{¶ 13} Further, the attachments to the certification of six printouts from a program purportedly used by the city to manage water and sewer projects do not create a material question of fact. These printouts do not evidence that other documents responsive to the records request exist that were not produced by the city. These printouts are not accompanied by sufficient elaboration or explanation such that the averments in the city's affidavit are contradicted.

{¶ 14} Accordingly, we find USEA's request for writ of mandamus moot.

## C. Damages, Costs, and Attorney Fees

{¶ 15} A relator may still be entitled to statutory damages, costs, or attorney fees when a court determines that a public records mandamus action is moot. *State ex rel. Kesterson v. Kent State Univ.*, 156 Ohio St.3d 13, 2018-Ohio-5108, 123 N.E.3d 887, ¶ 13. In its complaint, USEA sought statutory damages, costs, and attorney fees.

{¶ 16} Pursuant to R.C. 149.43(C)(3)(a)(i), if a court orders a public office or person to comply with the Public Records Act, the court shall include an award of all costs in the action. A court may also award costs if it finds the public office or person acted in bad faith. R.C. 149.43(C)(3)(a)(ii) and 149.43(C)(3)(b)(iii).[6]

> Under R.C. 149.43(C)(2), an award of statutory damages requires a
> court to determine that the public office or person responsible for
> the public records failed to comply with an obligation under R.C.

---

[6] The version of the statute in effect at the time that a records request is made controls this action. *See State ex rel. McDougald v. Sehlmeyer*, 162 Ohio St.3d 578, 2020-Ohio-4428, 166 N.E.3d 1127, ¶ 15. The Act was amended effective April 29, 2022, by 2022 H.B. 93 and September 12, 2022, by 2022 H.B. 99, but these amendments did not modify these subsections of the Act.

149.43(B). [*State ex rel.*] *Rogers* [*v. Dept. of Rehab. & Corr.*], 155 Ohio St.3d 545, 2018-Ohio-5111, 122 N.E.3d 1208, at ¶ 23. Similarly, "R.C. 149.43(C)(2)(b)(i) requires an award of reasonable attorney fees when the public office or person responsible for the public records failed to timely respond, pursuant to R.C. 149.43(B), to the public-records request." [*Kesterson* at] ¶ 24.

*State ex rel. Mun. Constr. Equip. Operators' Labor Council v. Cleveland*, 162 Ohio St.3d 195, 2020-Ohio-3197, 165 N.E.3d 214, ¶ 23. *See also Wine*, Slip Opinion No. 2022-Ohio-4472, at ¶ 13.

### i. Costs

{¶ 17} This court has not ordered the city to comply with the Public Records Act because the city has produced records responsive to the request, rendering the mandamus claim moot. We also do not find that the city acted in bad faith nor has USEA argued that the city acted in bad faith. Therefore, we decline to award costs in this action.

### ii. Statutory Damages

{¶ 18} We further find that statutory damages are not appropriate in this case because the city has complied with the Public Records Act. Under the Act, the city was required to produce records within a reasonable period of time.[7] A determination of what is reasonable depends on the facts and circumstances of each case. *State ex rel. Morgan v. Strickland*, 121 Ohio St.3d 600, 2009-Ohio-1901, 906

---

[7] Even though given the opportunity to file for summary judgment on the issue, USEA did not argue in summary judgment that the city failed to produce records in a timely manner.

N.E.2d 1105, ¶ 10, citing *State ex rel. Consumer News Servs., Inc. v. Worthington City Bd. of Edn.*, 97 Ohio St.3d 58, 2002-Ohio-5311, 776 N.E.2d 82, ¶ 37-38.

{¶ 19} The records requests were made on February 9, 2022. Soon after, the city provided a reference number, but did not produce records by the time the complaint was filed on July 11, 2022. The city, on July 15, 2022, produced 2,705 pages of document responsive to the records requests. These records required minor redaction of private information. It took the city approximately four months to prepare and produce records responsive to a broadly worded records request that covered a five-year period. Given the limited nature of the arguments before us, we find that the city produced records in reasonable period of time. *See Easton Telecom Servs., L.L.C. v. Woodmere*, 8th Dist. Cuyahoga No. 107861, 2019-Ohio-3282. The city did not violate its obligation under the Act to promptly produce records. Therefore, we decline to award statutory damages.

### iii. Attorney Fees

{¶ 20} For the same reasons, we decline to award attorney fees in this case. An award of attorney fees is appropriate where a court determines that the public office or person has failed to comply with the Act or:

> (i) The public office or the person responsible for the public records failed to respond affirmatively or negatively to the public records request in accordance with the time allowed under division (B) of this section.

> (ii) The public office or the person responsible for the public records promised to permit the relator to inspect or receive copies of the public records requested within a specified period of time but failed to fulfill that promise within that specified period of time.

(iii) The public office or the person responsible for the public records acted in bad faith when the office or person voluntarily made the public records available to the relator for the first time after the relator commenced the mandamus action, but before the court issued any order concluding whether or not the public office or person was required to comply with division (B) of this section. No discovery may be conducted on the issue of the alleged bad faith of the public office or person responsible for the public records. This division shall not be construed as creating a presumption that the public office or the person responsible for the public records acted in bad faith when the office or person voluntarily made the public records available to the relator for the first time after the relator commenced the mandamus action, but before the court issued any order described in this division.

R.C. 149.43(C)(3)(b)(i) through 149.43(C)(3)(b)(iii).

{¶ 21} Based on the limited arguments before this court, the city timely responded to the records requests at issue here. It took the city four months to respond and only after USEA filed its mandamus action. However, given the limited argument, broad scope of the records request, and the voluminous records that were produced, we do not find that the city's production of records was done in an unreasonable time. Further, we do not find that any of the provisions of R.C. 149.43(C)(3)(b)(i) through 149.43(C)(3)(b)(iii) apply. Therefore, we decline to award attorney fees in this case.

{¶ 22} We grant the city's motion for summary judgment and deny USEA's request for writ of mandamus as moot. The request for costs, attorney fees, and statutory damages is also denied. Each party to bear its own costs. The clerk is directed to serve on the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

{¶ 23} Writ denied.

_____
MICHELLE J. SHEEHAN, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
MARY J. BOYLE, J., CONCUR