**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Mobley v. LaRose*, Slip Opinion No. 2024-Ohio-0909.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-1909

THE STATE EX REL. MOBLEY *v*. LAROSE, SECY. OF STATE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Mobley v. LaRose*, Slip Opinion No. 2024-Ohio-0909.]**

*Mandamus—Public-records requests—R.C. 149.43—Failure to provide a certified copy within a reasonable time is not a failure to comply with an obligation under R.C. 149.43(B)—Awards of statutory damages and court costs denied—Writ denied as moot.*

(No. 2023-0834—Submitted March 26, 2024—Decided May 21, 2024.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶ 1} Relator, Alphonso Mobley Jr., filed this action for a writ of mandamus to order respondent, Ohio Secretary of State Frank LaRose, to produce a certified copy of a document in response to a public-records request. Mobley also seeks

statutory damages and court costs under R.C. 149.43(C). We deny the writ as moot and decline to award statutory damages and court costs.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} In February 2023, the secretary's office received by certified mail a public-records request from Mobley. The request asked for a copy of the "Certified Bond of Director of Ohio Department of Rehabilitations and Corrections for year 2021-2022." Sally Warren, the records coordinator who received the request, responded to the request the day after the secretary's office received it. Warren provided Mobley with an uncertified copy of the bond for public employees covering the period of July 1, 2021, to July 1, 2022. In a letter accompanying the record, Warren informed Mobley, "If you wish to have the provided bond certified, you will need to submit $5.00 (check or money order payable to The Ohio Secretary of State) and send it with your request to the Client Service Center at the address listed at the bottom of this letter."

{¶ 3} On May 2, 2023, the secretary's office received by certified mail another request from Mobley. This time, Mobley asked for a paper copy of the "(Certified) Bond of Director of Ohio Department of Rehabilitations and Corrections." Enclosed with the request was a check for $5 issued by Southeastern Correctional Complex, where Mobley is incarcerated. Warren sent the request to the service-center division of the secretary's office for processing.

{¶ 4} Mobley commenced this action on June 28, 2023, alleging that the secretary had yet to reply to his public-records request seeking a certified copy of the bond. He requested a writ of mandamus compelling the secretary to provide a certified copy of the requested record and statutory damages under R.C. 149.43(C). On July 7, 2023, the secretary's office sent to Mobley a certified copy of the bond for numerous public employees, including the director of the Ohio Department of Rehabilitation and Correction.

{¶ 5} The secretary filed an answer to the complaint, denying liability under the Ohio Public Records Act, R.C. 149.43 et seq., and averring that he had provided the requested record on July 7, 2023. This court granted an alternative writ and set a schedule for the parties' submission of evidence and merit briefs. 171 Ohio St.3d 1443, 2023-Ohio-3432, 218 N.E.3d 947.

## II. ANALYSIS

{¶ 6} The Ohio Public Records Act requires a public office to make copies of public records available to any person upon request within a reasonable period of time. R.C. 149.43(B)(1). Mandamus is an appropriate remedy by which to compel compliance with the Public Records Act. *State ex rel. Bey v. Byrd*, 167 Ohio St.3d 358, 2022-Ohio-476, 192 N.E.3d 466, ¶ 9. A requester seeking a writ of mandamus must establish by clear and convincing evidence a clear legal right to the records and a corresponding clear legal duty on the part of the respondent public officer to provide them. *Id.*

### A. Mandamus Claim Is Moot

{¶ 7} "In general, providing the requested records to the relator in a public-records mandamus case renders the mandamus claim moot." *State ex rel. Toledo Blade Co. v. Toledo-Lucas Cty. Port Auth.*, 121 Ohio St.3d 537, 2009-Ohio-1767, 905 N.E.2d 1221, ¶ 14. In this case, the record shows that on July 7, 2023—six business days after Mobley filed this action—the secretary provided Mobley with a certified copy of the record he had requested.

{¶ 8} Despite having received a copy of the record responsive to his public-records request, Mobley argues that his mandamus claim is not moot, because he believes the secretary did not produce a complete copy of the bond for the director of the Ohio Department of Rehabilitation and Correction. The basis of his belief is that the record provided by the secretary does not include pages stating the

conditions of the obligation or the conditions for the right of recovery.[1] Mobley submits as evidence a copy of a document titled "Official Bond Endorsement" that appears to contain these elements for the bond applicable to Ohio government officials. Mobley believes the "Official Bond Endorsement" pages are part of the "Public Employees Schedule Bond" document and should have been included with the certified copy of the document that the secretary provided to him.

{¶ 9} Mobley's argument is without merit. To rebut the secretary's attestation that his office produced a complete, certified copy of the bond Mobley requested, Mobley must submit clear and convincing evidence showing a genuine issue of fact that additional responsive records exist. *See State ex rel. Frank v. Clermont Cty. Prosecutor*, 164 Ohio St.3d 552, 2021-Ohio-623, 174 N.E.3d 718, ¶ 15, citing *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 133 Ohio St.3d 139, 2012-Ohio-4246, 976 N.E.2d 877, ¶ 26. Mobley has not submitted such evidence. The "Official Bond Endorsement" pages that Mobley argues are part of the bond he requested contain no indication of when the bond was effective. Moreover, the surety and policy numbers on the document submitted by Mobley are different from those on the certified record that the secretary provided. Thus, it appears Mobley has attached pages of a different bond covering a different period. Accordingly, Mobley has failed to show a genuine issue of fact that additional responsive records exist.

{¶ 10} The record before this court establishes that the secretary has provided the certified record that Mobley requested. Mobley's mandamus claim is therefore moot.

---

1. Mobley also contends that the record provided by the secretary does not include the identity of the surety. This contention is belied by the face of the document, which discloses the name of the surety.

**B. Statutory Damages**

{¶ 11} Though Mobley's mandamus claim is moot, his request for statutory damages remains a live controversy. *See State ex rel. Woods v. Lawrence Cty. Sheriff's Office*, 171 Ohio St.3d 238, 2023-Ohio-1241, 216 N.E.3d 663, ¶ 6-7. R.C. 149.43(C)(2) entitles a requester to damages if (1) he made a public-records request by one of the statutorily prescribed methods, (2) he made the request to the public office responsible for the requested records, (3) he fairly described the documents being requested, and (4) the public office failed to comply with its obligations under R.C. 149.43(B).

{¶ 12} The secretary admits receiving Mobley's second request by certified mail but argues that he had no duty to provide the requested record because R.C. 149.43 requires a public office to provide a copy of a "public record" but does not require a public office to provide a *certified* copy of a record. Thus, the secretary argues, Mobley cannot show that the secretary violated any obligation under R.C. 149.43(B). The secretary further argues that to the extent that he has an obligation to provide a certified copy of a record, that obligation does not arise under the Public Records Act.

{¶ 13} We agree with the secretary. R.C. 149.43(B)(1) states in part: "[U]pon request by any person, a public office or person responsible for public records shall make copies of the requested public record available to the requester at cost and within a reasonable period of time." In addition, R.C. 149.43(B)(6) provides that a public office may require the requester to pay "the cost involved in providing the copy of the public record." Thus, when a copy of a public record is requested under R.C. 149.43(B), a public office can require the requester to pay the copying and postage costs. *See State ex rel. McDougald v. Sehlmeyer*, 162 Ohio St.3d 578, 2020-Ohio-4428, 166 N.E.3d 1127, ¶ 11; R.C. 149.43(B)(7)(a).

{¶ 14} However, *certified* copies are treated differently. "R.C. 149.43(B) does not require that public-records custodians provide *certified copies* of public

records at cost." (Emphasis sic.) *State ex rel. Call v. Fragale*, 104 Ohio St.3d 276, 2004-Ohio-6589, 819 N.E.2d 294, ¶ 8. Thus, in *Call*, the public office did not have to provide certified copies of requested records at cost in response to a public-records request. Rather, the custodian in *Call* could charge up to $1 per page for *certified* copies because a statute authorized such a charge for certified copies of the records the relator requested. *See id.* at ¶ 8, citing R.C. 2303.20(Z).

{¶ 15} The implication of this court's decision in *Call* is that a public office's obligation to respond to a request for a certified copy of a record does not arise under R.C. 149.43(B). Indeed, the Public Records Act requires only that the public office provide the requester with "copies" of requested records at cost and within a reasonable time. R.C. 149.43(B)(1) and (6). The statute does not state that a public office must provide *certified* copies. And if a public office is authorized to charge a fee for a *certified* copy, it follows that a certified copy is not covered by the public office's obligation to provide a record at cost under R.C. 149.43(B).[2] Accordingly, even if the secretary did not provide Mobley with a certified copy within a reasonable time (an issue we need not reach), statutory damages are not warranted because the failure to provide a certified copy within a reasonable time is not a failure to comply with an obligation under R.C. 149.43(B).

### C. Court Costs

{¶ 16} Mobley also seeks an award of court costs under R.C. 149.43(C)(3)(a)(i), which applies when the court orders a respondent to comply with R.C. 149.43(B). Because we deny the writ as moot, Mobley is not entitled to costs under R.C. 149.43(C)(3)(a)(i). Moreover, notwithstanding the denial of the writ, Mobley is not entitled to an award of court costs, because he filed an affidavit

---

2. The secretary does not cite a statute authorizing him to charge $5 for preparation and production of a certified copy. However, Mobley does not dispute that the secretary is authorized to charge $5 for a certified copy of a record.

of indigency and therefore had no obligation to pay costs. *State ex rel. McDougald v. Greene*, 163 Ohio St.3d 471, 2020-Ohio-5100, 171 N.E.3d 257, ¶ 18.

### III. CONCLUSION

**{¶ 17}** For the foregoing reasons, we deny as moot the writ of mandamus and deny Mobley's claims for statutory damages and court costs.

Writ denied.

KENNEDY, C.J., and DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

FISCHER, J., concurs and would sua sponte declare relator to be a vexatious litigator.

_____

Alphonso Mobley Jr., pro se.

Dave Yost, Attorney General, and Heather L. Buchanan and Michael A. Walton, Assistant Attorneys General, for respondent.

_____